GODFROY and Others *v.* CUSHMAN and Others.

*A.* purchased at the land-office a tract of land, and took a duplicate receipt for the purchase-money, and then sold and assigned the certificate of purchase to *B.*, retaining the duplicate receipt. Afterwards *A.*, being in possession of the land, sold the same to *C.*, and gave him a bond conditioned for a conveyance at a future time. *Held,* that *A.'s* retaining the duplicate receipt, did not affect *B.'s* priority of claim to the land.

SULLIVAN, J.—The bill in this case was originally filed in the *Allen* Circuit Court, by *James G. Godfroy* against the present defendants, to compel the conveyance of a tract of land, the title to which, it is alleged, the defendants fraudulently obtained. In consequence of the interest of the circuit judge, the cause was certified to this Court. After bill filed, and before the defendants answered, *James G. Godfroy* died, and the suit was revived in the names of the present complainants. The bill states that on the 9th of *March*, 1833, one *Joseph M'Kee* purchased of the *United States*, at the land-office at *Fort Wayne*, the tract of land described in the bill, and that a duplicate receipt for the purchase-money was issued to him according to law ; that *M'Kee* took possession of the land, and cultivated it until the spring of the year 1834, when he sold it to the said *James G. Godfroy* for the sum of 100 dollars, and executed to him a bond for the conveyance of the title in twelve months ; that *Godfroy* took possession of the land, and kept it until sometime in the year 1835 ; that *M'Kee* died in the year 1834 intestate and insolvent, without having made a deed to *Godfroy* for the land, or without having obtained a patent for the same himself. The bill further states that sometime in the year 1834, after the death of one *Benjamin Cushman*, there was found, among the papers of said *Cushman*, an assignment of the certificate of purchase for said land from *M'Kee* to said *Cushman*, dated on the 9th of *March*, 1833, acknowledged before the receiver of public moneys at the land-office at *Fort Wayne*. The bill alleges that said assignment was fraudulent and void ; that it was privately made and designedly kept secret ; that the said duplicate receipt was not delivered to *Cushman*, nor was he put into possession of the land ; that there was no indorsement made on said duplicate of the receipt of the

Nov. Term,
1844.

GODFROY
v.
CUSHMAN.

purchase-money from said *Cushman*, &c. The bill further alleges, that, since the death of *Cushman*, and since the death of *M'Kee*, the heirs of *Cushman* have obtained a patent for the land, and have dispossessed the complainants. The heirs of *M'Kee* and the heirs of *Cushman* are made defendants to the bill.

*Elizabeth M'Kee*, an infant, answers by her guardian, and disclaims all knowledge of the matter stated in the bill, and throws herself on the protection of the Court. *Henry Cushman* and *William Cushman*, heirs of *Benjamin Cushman*, deceased, also answer, and deny that the assignment of the land certificate by *M'Kee* to their father was fraudulent. They say that *M'Kee* was indebted to their father a large sum of money, part of which was money lent to purchase the land in controversy, and that the assignment was made to secure that debt. They say that *Godfroy* had notice of the assignment to their father before he purchased from *M'Kee*, and that *M'Kee* having died without redeeming the land, they applied for and obtained a patent, &c.

The depositions prove the purchase of the land by *M'Kee* from the *United States* on the 9th of *March*, 1833, and that the certificate of purchase was assigned to *Cushman* for a valuable consideration on the same day. They also prove that *M'Kee* continued in the possession of the land until the spring of 1834, when he sold to *Godfroy* and executed the title-bond set out in the bill; and that *Godfroy* then took possession of the land, and remained in possession until the spring of 1835. They also prove that *B. Cushman* died before the sale from *M'Kee* to *Godfroy*. It also appears, that the said duplicate receipt was seen in the possession of *Godfroy* at the time, or soon after the time, of his purchase from *M'Kee*, but it does not appear that he obtained it from *M'Kee*. There is no proof that *Godfroy* expended money in improvements on the land with the knowledge of *Cushman*, nor is there proof of secrecy or concealment in the transactions between *M'Kee* and *Cushman*, nor that *Cushman* made any false representations to *Godfroy*, or encouraged or influenced the sale of the land to him by *M'Kee*.

We think the complainants have not made out a case that entitles them to the relief prayed. If this were a bill to re-

Nov. Term,
1844.

GODFROY
v.
CUSHMAN.

deem, the case might be different. The main ground on which the complainants rest their case is, that *Cushman*, by permitting *M'Kee* to retain the duplicate receipt, enabled and encouraged him to practise a fraud on innocent persons, and that therefore, as it respects the complainants, he lost his priority; but this ground fails them both in law and in fact. In the first place, it is not proved that the duplicate was retained by *M'Kee*. A witness swears that about the time of the purchase of the land by *Godfroy*, he saw the duplicate in the possession of the latter; but there is no proof that he obtained it from *M'Kee*. We cannot apply the principle on which the complainants rely, to the injury of innocent persons, on mere suspicion. But if the duplicate were left in *M'Kee's* possession, that fact alone would not be sufficient to charge *Cushman* with fraud. It is decided that a first mortgagee's merely allowing the mortgagor to have the title deeds, is not sufficient to affect the former with fraud. Jeremy on Eq. 193, 4, 5.—Fonb. Eq. 164, note n. The act must be done under circumstances, which show a concurrence and co-operation in some deceit upon a subsequent mortgagee or purchaser. *Ib.* The defendants have failed in proving notice to *Godfroy* of the assignment to *Cushman*. That defect in the proof, however, does not change the case. The complainants have wholly failed to prove those circumstances of fraud that are necessary to affect the defendants' priority of claim to the land; and the bill must, therefore, be dismissed for want of equity.

*Per Curiam.*—The bill is dismissed for want of equity, with costs.